SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART  7810-0
735 Bishop Street, Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Attorney for Plaintiff
CARMEN M. HOPKINS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CARMEN M. HOPKINS, | ) | Civil No. 21-186 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT; SUMMONS |
| HAWAIIAN EXPRESS SERVICE, INC.; JOHN DOES 1-10; JANE DOES 1-10; AND DOE CORPORATE ENTITIES 1-10, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMPLAINT

Comes now Plaintiff, CARMEN M. HOPKINS, by and through her attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendants HAWAIIAN EXPRESS SERVICE, INC.; JOHN DOES 1-10; JANE DOES 1-10; AND DOE CORPORATE ENTITIES 1-10; DOE DEFENDANTS 1 -20; and DOE CORPORATE ENTITIES 1-20 (hereinafter collectively "Defendants").

1

## **THE PARTIES**

1. Plaintiff CARMEN M. HOPKINS ("Plaintiff") is and was at all times relevant a resident of the State Hawaii and was employed by Defendant Hawaiian Express Service Inc.

2. Defendant HAWAIIAN EXPRESS SERVICE INC. ("Employer" or the "Company") is and was at all times relevant, a corporation incorporated in the State of Hawaii.

3. DOE DEFENDANTS 1 – 20 and DOE CORPORATE ENTITIES 1 - 20 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants) are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a

proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

7. This Honorable Court has federal subject matter jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Section 1331 as certain claims in the present lawsuit arise out of the Title VII of the Civil Rights Act of 1964 and the Age Discrimination Act of 1967. This Honorable Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. Section 1331.

8. The U.S. District Court of Hawai'i is the appropriate venue for this action inasmuch as the causes of action alleged herein accrued in the State of Hawai'i.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Employer on April 29, 2019 as a Customer Service Representative.

10. Plaintiff was born in the Philippines and ethnically Filipino.

11. Plaintiff is currently forty-two (42) years old.

12. Throughout her employment with Employer, Employer would frequently not approve overtime when Plaintiff worked in excess of forty

hours in a given week, despite approving overtime for other employees, who were neither Filipino nor forty years of age or older

13. On or about October 2, 2020, Employer promoted Plaintiff's younger co-worker, K.D. to "Supervisor of the Oahu Office", despite the fact that Plaintiff was more experienced than K.D. and Plaintiff has a college degree while K.D. does not.

14. Prior to K.D.'s promotion, Plaintiff, K.D., and another employee, L.B. were similarly situated in terms of position, pay, and seniority.

15. Employer did not inform Plaintiff or L.B. of the job opening for "Supervisor of the Oahu Office."

16. On October 29, 2020, Plaintiff sent Employer's human resources department an email stating: "I believe Hawaiian Express Service discriminated against me based on my age, race, and/or national origin when I was passed up for promotion. I also feel that I was treated differently from similarly situated employees in terms of other conditions of employment, including but not limited to, my work hours and eligibly for overtime."

17. On or about November 4, 2020, Plaintiff filed a charge of discrimination against Employer with the U.S. Equal Employment Opportunity Commission, alleging that Employer passed her over for the

"Supervisor of the Oahu Office" position because of her age and/or ethnicity/national origin.

18. On or about November 16, 2020, Employer terminated Plaintiff's employment.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF 42 U.S. CODE § 2000E–2 & HRS SECTION 378-2

19. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

20. Employer discriminated against Plaintiff in her terms and conditions of employment by not approving overtime pay, due to her race, ethnicity, and/or national origin.

21. Employer discriminated against Plaintiff in her terms and conditions of employment by withholding information from Plaintiff regarding a possible promotion and by promoting another employee who was less qualified than Plaintiff, due to Plaintiff's race, ethnicity, and/or national origin.

22. As a result of the unlawful discrimination Plaintiff was subjected to by Employer, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT II

## UNLAWFUL DISCRIMINATION IN VIOLATION OF

## 29 U.S.C. §§621-634

23. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

24. Employer discriminated against Plaintiff in her terms and conditions of employment by not approving overtime pay, due to her age.

25. Employer discriminated against Plaintiff in her terms and conditions of employment by withholding information from Plaintiff regarding a possible promotion and by promoting another employee who was less qualified than Plaintiff, due to Plaintiff's age.

26. As a result of the unlawful discrimination Plaintiff was subjected to by Employer, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT III

## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF 42 U.S. CODE § 2000E–2 & HRS SECTION 378-2 & 29 U.S.C. § 621 et. seq.

27. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

28.  Employer terminated Plaintiff on November 16, 2020 because Plaintiff engaged in a protected activity on October 29, 2020, whereby she complained to human resources about unlawful discrimination practices.

29.  On or about November 4, 2020, Plaintiff filed a charge of discrimination against Employer with the U.S. Equal Employment Opportunity Commission, alleging that Employer passed her over for the "Supervisor of the Oahu Office" position because of her age and/or ethnicity/national origin.

30.  As a result of the above-described unlawful retaliation Plaintiff was subjected to by Employer, Plaintiff incurred damages in amounts to be proven at trial.

## PUNITIVE DAMAGES

31.  Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

32.  By engaging in the above-described actions, Defendants acted wantonly or oppressively, or with such malice, as implies a spirit of mischief or criminal indifference to civil obligations or with that entire want of care which would raise the presumption of a conscious indifference to consequences.

33.  As a result of Defendants' aforementioned conduct, Plaintiff is entitled to punitive damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A.  For judgment in its favor on each and every count as alleged against the Defendants claimed herein, and presently unidentified Defendants, jointly and/or severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

B.  For special damages against Defendants and presently unidentified Defendants, and each of them, jointly and severally, in an amount to be proven at trial, including but not limited to, back pay and front pay.

C.  Plaintiff be awarded further special, general, and/or consequential damages.

D.  Punitive damages as may be proven at trial.

E.  Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of investigation, and such other and further relief as the Court deems equitable in the premises.

DATED: Honolulu, Hawaii, April 16, 2021.

*/s/ Andrew Daisuke Stewart*
_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC

Attorney for Plaintiff
CARMEN B. HOPKINS